NO. 07-08-0074-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

SEPTEMBER 25, 2008

______________________________

ANTHONY DAVID DRAGER,

Appellant

v.

THE STATE OF TEXAS,

Appellee

_________________________________

FROM THE 108
TH
 DISTRICT COURT OF POTTER COUNTY;

NO. 57,042-E; HON. RICHARD DAMBOLD, PRESIDING

_______________________________

Anders Opinion

_________________________________

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Anthony David Drager (appellant) appeals his conviction for conspiracy to engage in organized criminal activity.  He entered an open plea of guilty and, after a hearing to the trial court on punishment, was sentenced to twenty years confinement on each count.  

Appellant’s appointed counsel has filed a motion to withdraw, together with an 
Anders
(footnote: 1) brief, wherein she certifies that, after diligently searching the record, she concluded that appellant’s appeal is without merit.  Along with her brief, she has filed a copy of a letter sent to appellant informing him of counsel’s belief that there was no reversible error and of appellant’s right to file a response 
pro se.  
By letter dated September 18, 2008, this court also notified appellant of his right to file his own response by October 20, 2008, if he wished to do so.  Appellant has filed a response.

In compliance with the principles enunciated in 
Anders, 
appellate counsel discussed two potential areas for appeal including defects in the indictment and ineffectiveness of counsel.  Upon her final analysis, counsel determined that no reversible error existed. Thereafter, we conducted our own review of the record along with appellant’s response to assess the accuracy of appellate counsel’s conclusions and to uncover any error, reversible or otherwise, pursuant to 
Stafford v. State, 
813 S.W.2d 503 (Tex. Crim. App. 1991) and concluded the same. 

Accordingly, the motion to withdraw is granted and the judgment is affirmed. 

Brian Quinn 

          Chief Justice

Do not publish.

FOOTNOTES
1:
See Anders v. California, 
386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).